# THE STATE ex rel. HAGERMAN v. TAYLOR, Judge, et al.

**In Banc, February 26, 1906.**

**ELECTION CONTEST:. Expenses: Failure to File Statement: Prohibition.** Whether or not the contestant in an election contest failed to comply with the provisions of the statute in reference to candidates for office filing a sworn statement of their election expenses, and whether or not a failure to comply with those provisions has any pertinency in the contest proceeding, are matters for the court in which the proceeding is pending to determine, and furnish no ground for prohibiting that court from assuming jurisdiction over the case.

## Prohibition.

WRIT DENIED.

*James Hagerman, J. W. Jamison* and *Lee W. Hagerman* for relator.

*Selden P. Spencer, William Dee Becker, John S. Leahy, Edward D'Arcy* and *Walter J. G. Neun* for respondents.

GANTT, J.—This is an original proceeding in this court to obtain a writ of prohibition prohibiting Judge Daniel G. Taylor and the circuit court of the city of St. Louis, over which he presides, from further entertaining jurisdiction of an election contest, begun and pending in his division of the said circuit court, wherein Louis P. Aloe is contesting the election of the plaintiff James Hargerman, Jr., for the office of collector of the revenue within and for the city of St. Louis, growing out of an election held in said city on the 4th day of April, 1905.

The facts in this case are in all respects like those in State ex rel. Wells v. Hough, Judge, and Talty,

ante, p. 615, with the exception that in this case plaintiff alleges as an additional ground to those stated in the Wells case, supra, that the defendant "Louis P. Aloe is not entitled to contest plaintiff's election, nor to have and maintain a proceeding or suit in court for that purpose, nor to have a recounting of the ballots cast at said election, for the reason that said defendant wholly failed to file within 30 days after said election, with the officers empowered by law to issue a certificate of election to such office or place, to-wit, with the board of election commissioners for the city of St. Louis, and a duplicate thereof with the recorder of deeds of said city, a statement in writing duly subscribed and sworn to by defendant before an officer authorized to administer oaths, setting forth in detail all sums of money, except all sums paid for traveling expenses, including hotel or lodging bills, contributed, disbursed, expended or promised by him, and to the best of his knowledge and belief by any other persons or person, in his behalf wholly or in part in endeavoring to secure, or in any way in connection with his said nomination and attempt to be elected to said office of collector, or in connection with the election of any other persons at said election, and showing the dates when, and the persons to whom, and the purposes for which, all sums were paid, expended or promised. Plaintiff states that instead of filing such statement as required by section 7180, Revised Statutes 1899, defendant filed in the office of the board of election commissioners, a statement, and in the office of the recorder of said city, a duplicate thereof, on May 3, 1905, which purports to have been sworn to before a notary public in the State of Indiana."

The said statement is set out in full showing that it was subscribed and sworn to before a notary public at French Lick, Indiana, on the 3rd day of May, 1905. The contention on this point is that by virtue of sections 7180 and 7182, the defendant Aloe, even if he re-

ceived a majority of the votes cast at said election, is not entitled to contest the election of the plaintiff Hagerman, because he failed to file within thirty days after said election the statement in writing required by law concerning his expenses. Whether said provision of the statutes has been complied with by the defendant Aloe, and whether the failure to comply with them has any pertinency in the contested election proceeding, is a matter for the court in which said proceeding is pending, to determine for itself in the first instance, and in our opinion furnishes no ground for the exercise by this court of this extraordinary jurisdiction by prohibition to interfere with the jurisdiction of the circuit court in the determination of the said proceeding in that court. It follows, therefore, that in this case, as in the Wells case, the provisional rule in prohibition must be quashed and the writ of prohibition denied. *Brace, C. J., Marshall, Burgess, Fox* and *Lamm, JJ.,* concur; *Valliant, J.,* not sitting.